FILED

G. Thomas Martin, III (SBN 218456)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
Direct Dial: (818) 907-2030
Fax: (818) 205-3730
tom@plglawfirm.com
Attorneys for Plaintiff,
DARNELLA FORD

2014 JAN 23 PM 2: 25

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELLA FORD,<br><br>Plaintiff,<br><br>vs.<br><br>MCKELLAR GROUP ; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No.: CV14-00552-BRO(JCx)<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)**<br><br>**Demand Does Not Exceed $10,000** |

## JURISDICTION

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2.  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") as well as violations of the Rosenthal Fair Debt Collection Practices Act California Civil Code §§ 1788 et seq. ("RFDCPA")

3.  Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

- 1 -

COMPLAINT FOR DAMAGES

## PARTIES

4. Plaintiff is a natural person who resides in the City of Valley Village, County of Los Angeles, State of California, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, McKellar Group, (hereinafter "Defendant") is a collection agency operating from an address of 8200 Wiltshire Blvd, Suite 200, Beverly Hills, California, 90211, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. On or about Tuesday, November 19, 2013, Defendant's mother received a telephone call from an individual who stated they were calling from the McKellar Group.

7. Defendant's mother informed the McKellar agent that her daughter, Plaintiff Darnella Ford, did not reside with her and inquired as to what the call was in reference to.

8. Agent for Defendant advised that Plaintiff was sought in connection with service of process and further that if she did not appear in court for proceedings that they would proceed without her. Agent left a case number with call back information.

9. Plaintiff's mother immediately text messaged Plaintiff the following, "Call me. Some process server is trying to find you. The number is 855-872-6997. File # 99055-109. Are you being sued or are you a witness? "

10. At or around 10:30 a.m., that same day, Plaintiff called 855-872-6997 to inquire about the nature of the calls.

11. Plaintiff was advised that the McKellar Group was a law firm. The agent

COMPLAINT FOR DAMAGES

then asked if Plaintiff had been served yet. Plaintiff responded in the negative to which the agent replied that "A server has been dispatched and she (Plaintiff) would be served this afternoon."

12. Agent then confirmed Plaintiff's home address, and advised that (2) prior service attempts had failed. Agent went on to inform Plaintiff that Best Buy was "taking her to court, would put a judgment against her for an outstanding balance of $8,000.00, and that if payment were not made immediately, liens and wage garnishments would begin.

13. Agent further advised that an asset search was being conducted. Plaintiff responded that she owned nothing other than a 2004 Honda Accord. Agent advised that the "car would be taken in the judgment."

14. Plaintiff, distraught by the information being conveyed to her, and requested permission to call back in one hour.

15. Plaintiff did in fact call back and spoke with the same Agent. Plaintiff offered to make payments of $25.00 per month to stop the actions agent advised were imminent. Agent rejected her offer. At this point, Plaintiff broke down in tears. Agent placed Plaintiff on hold, returned a few minutes later and offered a "hardship settlement" of $500.00. Agent advised that Plaintiff could make a "small down payment that day of $25.00, with the balance due on or before December 15, 2013." Agent assured that this was the only way Plaintiff could prevent the litany of legal ramifications that awaited her in the event of non-compliance. Plaintiff paid the $25.00 while agreeing to the remaining balance of $475.00 on or before December 15, 2013.

16. Very soon after this call, Plaintiff left feeling uncomfortable about the entire chain of events regarding Defendant, decided to do some research on the firm. Plaintiff found numerous similar stories posted online regarding eerily similar circumstances. All the entries she found had fact patterns where The Mckellar

Group utilized legal threats, harassment, and general intimidation to acquire payment from alleged debtors. Plaintiff even found the exact same type of "hardship settlements," and the dollar amount offered was also consistent with her own situation, $500.00 with a small down payment due immediately.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FDCPA
### 15 U.S.C. § 1692 et seq.

17. Plaintiff repeats the allegations contained in paragraphs 1 through 16 and incorporates same as if stated at length herein.

18. During the November 19, 2013 phone call placed by Defendant to Plaintiff's mother, Defendant agent advised that the defendant was attempting to locate the defendant in an effort to serve her with process. Defendant further advised that if Plaintiff did not appear in court, they would proceed without her.

19. The communication described in paragraph #18 above, was a legal threat directed at Plaintiff, utilizing Plaintiff's mother as an intermediary. Defendant does not possess the legal capacity to proceed without a Defendant who has not been properly served with process.

20. The FDCPA specifically states that a debt collector may not threaten to take any legal action that cannot be taken. Defendant has, in threatening to proceed without Plaintiff, has done just that and in doing so, has violated 15 U.S.C. § 1692(e) 5.

21. Upon information and belief, during the November 19, 2013 call placed by Plaintiff to Defendant, agent for Defendant advised that they were in fact a law firm. The McKellar Group, while possibly employing a duly licensed attorney on it's payroll, is not in fact a law firm.

22. The FDCPA clearly prohibits debt collectors from holding themselves out

as attorneys or a law firm when this is not in fact true. Defendant, having done just that, has violated 15 U.S.C. § 1692(b) 3.

23. During the November 19, 2013 phone call placed to Defendant by Plaintiff, agent for Defendant advised that if full payment was not made, a judgment would be obtained with liens, wage garnishments and property forfeiture to follow.

24. Defendant's agent utilized high pressure, harassing, unfair, unconscionable and misleading statements in an effort to extract monetary payments from Plaintiff and in doing so has violated 15 U.S.C. § 1692(f).

25. During the November 19, 2013 call placed by Plaintiff to Defendant, Defendant repeatedly threatened Plaintiff with legal action regarding the underlying debt. Defendant, upon information and belief, is not the owner of the alleged debt, but merely collecting on behalf of the true owner. The legal owner, upon information provided by Defendant agent, is Best Buy.

26. As Defendant lacks the legal capacity to file suit against Defendant, each and every threat, including but not limited to, proceeding without her in court, to levy liens upon her, garnish her wages, take her car, etc., were legal threats the Defendant could not legally take. In making these threats, Defendant has violated 15 U.S.C. § 1692(b) 5.

27. The preceding acts have violated the dictates of the FDCPA and have damaged Plaintiff. Accordingly, Plaintiff is entitled to relief.

## COUNT II
## VIOLATIONS OF THE RFDCPA
## § 1788 et seq.

28. Plaintiff repeats the allegations contained in paragraphs 1 through 16 and incorporates same as if stated at length herein.

29. The RFDCPA contains within it § 1788.17, which states in pertinent part

that, "every debt collector collecting or attempting to collect a debt shall comply with the provisions of Sections 1692b to1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

30. In as much as each and every act described in paragraphs 1 - 29 was a violation of the FDCPA, § 1788.17 of the RFDCPA delineates them as violations on the State level as well.

31. The actions of Defendant have violated the RFDCPA, Plaintiff has been damaged as a result and is entitled to relief.

## DAMAGES

**WHEREFORE**, Plaintiff respectfully prays that damages be entered against Defendant as follows:

   a) For an award of actual damages from each and every Defendant pursuant to §1788 et seq.;

   b) For an award of statutory damages up to $1000.00 pursuant to §1788 et seq.; and

   c) For an award of litigation costs and reasonable attorney's fees pursuant to §1788 et seq. against Defendant.

   d) For an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendant and in favor of Plaintiff;

   e) For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant in favor of Plaintiff; and

   f) For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant and in favor of Plaintiff; and

   g) Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA and RFDCPA violations.

- 6 -

COMPLAINT FOR DAMAGES

DATED: January 21, 2014

RESPECTFULLY SUBMITTED,

**PRICE LAW GROUP APC**

By: /s/ G. Thomas Martin, III

G. Thomas Martin, III
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge __Beverly Reid O'Connell__ and the assigned Magistrate Judge is __Jacqueline Chooljian__.

The case number on all documents filed with the Court should read as follows:

### 2:14-cv-00552-BRO(JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

January 23, 2014                               By    APEDRO
Date                                                  Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| | | |
|---|---|---|
| [x] Western Division<br>312 N. Spring Street, G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Ste 1053<br>Santa Ana, CA 92701 | [ ] Eastern Division<br>3470 Twelfth Street, Room 134<br>Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Central District of California

| | | |
|---|---|---|
| DARNELLA FORD | ) | |
| *Plaintiff* | ) ) | |
| v. | ) | Civil Action No. |
| MCKELLAR GROUP ; and DOES 1 to 10, inclusive, | ) ) | CV14-00552 - BRO (JCx) |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   MCKELLAR GROUP
8200 Wiltshire Blvd, Suite 200
Beverly Hills, California, 90211

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   G. Thomas Martin, III, Esq. (SBN 218456)
PRICE LAW GROUP, APC
15760 Ventura Blvd., Suite 1100
Encino, CA  91436
T: (818) 907-2030; F: (866) 397-2030
tom@plglawfirm.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: 1/23/2014

Signature of Clerk or Deputy Clerk

1202

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____, a person of suitable age and discretion who resides there,
on *(date)* _____, and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____, who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

DARNELLA FORD

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

MCKELLAR GROUP ; and DOES 1 to 10, inclusive,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

G. Thomas Martin, III (SBN 218456)
PRICE LAW GROUP, APC,  (818)907-2030
15760 Ventura Blvd., Suite 1100, Encino, CA  91436

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

## II. BASIS OF JURISDICTION (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (Place an X in one box only.)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No      ☐ **MONEY DEMANDED IN COMPLAINT:** $ according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq

## VII. NATURE OF SUIT (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS PERSONAL PROPERTY** | **TORTS PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number:  CV14-00552

---

CV-71 (09/13)    CIVIL COVER SHEET    Page 1 of 3

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? <br> ☐ Yes  ☒ No <br><br> If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? <br><br> ☐ Yes  ☒ No <br><br> If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF? <br> Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? <br> Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | WESTERN DIVISION |

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____ DATE: 1/9/2014

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |